P. H. GILL & SONS FORGE & MACHINE WORKS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 6260.   Promulgated August 22, 1927.

Facts insufficient to show error on the part of the Commissioner.

*Nathan Agar, C. P. A.,* for the petitioner.
*Jos. K. Moyer, Esq.,* for the respondent.

The controversy is about a proposed increase in the petitioner's income and excess-profits taxes for the year 1920 in the amount of $1,030.76. The deficiency arose through the adjustment of depreciation. The petitioner admits that this adjustment was proper, but alleges that a loss of $34,932.41 was sustained in 1920 and was not claimed as a deduction on its return and has not been considered by the Commissioner.

## FINDINGS OF FACT.

The petitioner is a New York corporation with its principal office at Brooklyn.

In 1920, it made repairs to some vessels of the States Steamship Co. for which it charged on its books $34,932.41 as an account receivable. This amount was reported as part of its income for 1920. After the repairs had been made, but later in the same year, the States Steamship Co. became a bankrupt and the U. S. Shipping Board took the vessels.

The petitioner filed no claim in the bankruptcy proceedings, but as in other similar cases relied upon its maritime rights and tendered its bill to the U. S. Shipping Board which had the boats. The Shipping Board received the bills and audited them, but in 1921 denied that the petitioner had a right to libel the boats. The petitioner then instituted proceedings in a maritime court of the New York district to enforce its rights and to recover the amount due. In about a year this court rendered a decision against the petitioner. An appeal was then taken to a higher court and in 1925 another decision adverse to the petitioner was handed down.

The books of the petitioner were kept by an accrual method. This repair account was not charged off in 1920 because of the supposed right of libel then still considered complete protection for the entire amount of the account. In 1925 the account was written off as of December 31, 1920, because of the adverse decision of the court.

### OPINION.

MURDOCK: Without knowing more facts we must affirm the respondent. The fact that the States Steamship Co. went into bankruptcy in 1920 is not sufficient to establish either that the petitioner had a loss in 1920 or that its debt was worthless in that year. That the petitioner later tried to enforce payment through a court proceeding is likewise insufficient to prove the right to the deduction claimed. We have not been informed as to what the court decided or as to why it so decided. Did it decide that for some reason the petitioner was not entitled to payment for the work, or did it decide that its pleadings were improper or that it had elected the wrong remedy? Could the petitioner have recovered in the bankruptcy proceedings? Did it have any other remedy?

There are too many possibilities left open under the proof which might change the result from a tax standpoint for us to hazard a guess or draw the inferences necessary to put the question of the deductibility of this amount squarely before us.

*Judgment will be entered for the respondent.*

Considered by STERNHAGEN and ARUNDELL.